| | | |
|---|---|---|
| John Baccus, # 187393, | ) | **C/A No. 9:12-2665-DCN-BM** |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| | ) | |
| State of South Carolina, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## *Background of this Case*

Plaintiff, a frequent filer of *pro se* litigation in this Court, is an inmate at the Perry Correctional Institution.  In 2003, in the Court of General Sessions for Marion County, Plaintiff was convicted, in a jury trial, of murder and first-degree burglary.   The convictions arose out of the murder of Plaintiff's former girlfriend, Brenda Kay Godbolt, on November 14, 1999.  Plaintiff was sentenced to life in prison on the murder charge and to a concurrent life term on the burglary charge. The Supreme Court of South Carolina affirmed on direct appeal and the Supreme Court of the United States denied discretionary appellate review.  *See State v. Baccus*, 367 S.C. 41, 625 S.E.2d 216 (2006), *cert. denied*, *Baccus v. South Carolina*,  555 U.S. 1074 (2008).

In the above-captioned case, which is styled as an "EMERGENCY INMATE CIVIL RIGHTS COMPLAINT," Plaintiff brings suit against the State of South Carolina.  Plaintiff raises various claims relating to truncated processes, lack of accountability, lack of transparency, history of racial discrimination, involuntary waiver of Plaintiff's rights, obstruction of justice, "Club–Law,"



boycott, and sham pleadings.  On pages 6 and 7 of the Complaint, Plaintiff contends that he is

entitled to removal from his current prison, a transfer from the custody of the South Carolina

Department of Corrections, and to a "MOTION TO CONSOLIDATION."  The allegations raised

in the above-captioned case are similar to those raised by Plaintiff in the Complaint (ECF No. 1) in

*John Baccus v. Chris Florian, et al.*, Civil Action No. 9:12-2440-DCN-BM.  The State of South

Carolina, the sole Defendant in the above-captioned case, was not named as a defendant in Civil

Action No. 9:12-2440-DCN-BM.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been

made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C.

§ 1915A, the Prison Litigation Reform Act, and in light of the following precedents: *Denton v.

Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines

v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64

F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983);

*Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147,

1151 (4th Cir. 1978).  Further, as Plaintiff is a *pro se* litigant, his pleadings are accorded liberal

construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449

U.S. 5, 9–10 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*);

*Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008).

Even when considered under this less stringent standard, however, the undersigned

finds that the Complaint is subject to summary dismissal.  A litigant must plead factual content that

allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable,



not merely possibly liable; *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1951–52 (2009); and the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

First, as a general matter, the State of South Carolina (the only named Defendant in this case) is immune from suit in this Court under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Fed. Maritime Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743 (2002); *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706 (1999); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Virginia v. Reinhard*, 568 F.3d 110 (4th Cir. 2009); *Belcher v. South Carolina Bd. of Corr.*, 460 F. Supp. 805, 808–09 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dep't*, 195 F. Supp. 516, 517 (E.D.S.C. 1961).

Additionally, insofar as Plaintiff's conviction for murder is concerned, this civil rights action is subject to summary dismissal because a right of action has not accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's



> issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. at 486–87 (footnote omitted).

It can be judicially noticed that Plaintiff has not received a favorable determination in his criminal case. *See John Roosevelt Baccus v. Stan Burtt, et al.*, Civil Action No. 0:06-1912-DCN-BM, 2007 U.S. Dist. LEXIS 35972, 2007 WL 1468700 (D.S.C. May 16, 2007); *see also Baccus v. Burtt*, No. 07-6754, 241 Fed.Appx. 973, 2007 U.S. App. LEXIS 22178, 2007 WL 2720408 (4th Cir. Sept. 17, 2007), *cert. denied*, 552 U.S. 1286 (2008). In any event, Plaintiff cannot obtain release from confinement in this civil rights action, which is part of his requested relief. *See Heck v. Humphrey*, 512 U.S. at 481 (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); and *Johnson v. Ozmint*, 567 F. Supp. 2d 806, 823 (D.S.C. 2008) (release from prison is not a remedy available under 42 U.S.C. § 1983).

Plaintiff is also not entitled to a transfer from the Perry Correctional Institution to a state or federal prison of his choice. It is known from other cases previously decided in this judicial district that South Carolina law confers no protected liberty interest upon inmates of the South Carolina Department of Corrections from being classified, or being placed in administrative segregation, in a particular prison, or in a particular section of a prison. *See*, *e.g.*, the order of the

4



Honorable Henry M. Herlong, Jr., United States District Judge, in *Keeler v. Pea*, 782 F. Supp. 42, 43–44 (D.S.C. 1992), which cites *Meachum v. Fano*, 427 U.S. 215 (1976); *see also Vice v. Harvey*, 458 F. Supp. 1031, 1034 (D.S.C. 1978). In fact, it is well settled that the placement of inmates into administrative segregation units or similar units is a valid of means of minimizing a "threat to security of the institution, threat to the safety of other residents or Jail staff, etc." *Jackson v. Bostick*, 760 F. Supp. 524, 528 (D. Md. 1991); *see also McKune v. Lile*, 536 U.S. 24, 26 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise"); *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) ("The transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence.");[1] *Montanye v. Haymes*, 427 U.S. 236, 242 (1976) (if a prisoner's confinement is within terms of the sentence imposed upon him and does not violate other constitutional provisions, "the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight"); and *Isgrigg v. CDC*, No. C 06-07618 JW (PR), 2008 U.S. Dist. LEXIS 117092, 2008 WL 754892, at *2 (N.D. Cal. March 20, 2008) ("A prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him, or not transfer him in the case of plaintiff, to any of its institutions, to prisons in another state or to federal prisons, without offending the Constitution").

Plaintiff, on pages 8 through 10 of the Complaint, appears to be seeking a temporary restraining order to grant him a transfer or removal from his prison. Plaintiff clearly cannot satisfy the "attorney certification" requirement for a temporary restraining order required under Rule

---

[1]Unrelated portions of the holding in *Hewitt v. Helms* have been superannuated by later case law. This portion of the holding in *Hewitt v. Helms* has not been superannuated by later case law.

5



65(b)(1)(B) because Plaintiff is not an attorney admitted to practice before this Court. Also, under Rule 65(a), a district court may issue a preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a)(1). In any event, under the current standard adopted by our Court of Appeals, Plaintiff is not entitled to a temporary restraining order or preliminary injunction. *See Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 607 F.3d 355 (4th Cir. 2010)(*per curiam*) ("On further consideration, we now reissue Parts I and II of our earlier opinion in this case, 575 F.3d at 345–347, stating the facts and articulating the standard for the issuance of preliminary injunctions."), which reaffirms prior decision reported at *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 345–47 (4th Cir. 2009), *cert. granted and judgment vacated*, 176 L.Ed.2d 764, 130 S.Ct. 2371 (2010). *Real Truth About Obama, Inc.* superannuates older cases, such as *Blackwelder Furniture Co. of Statesville, Inc. v. Seilig*, 550 F.2d 189, 193 (4th Cir. 1977).[2]

In order to obtain injunctive relief, a plaintiff must establish: (1) the likelihood that the plaintiff will succeed on the merits; (2) the likelihood of irreparable harm to the plaintiff if the injunction is not granted; (3) that the balance of equities tips in his or her favor; and (4) the injunction is in the public interest. *Winter v. Natural Resources Defense Counsel, Inc.,* 555 U.S. 7, 19–20 (2008). All four requirements must be satisfied. *Real Truth About Obama, Inc.*, 575 F.3d at 346. Furthermore, to obtain injunctive relief, a plaintiff must demonstrate more than the "possibility" of irreparable harm because the "possibility of irreparable harm" standard is

---

[2]The United States Court of Appeals for the Fourth Circuit reviews grants or denials of motions for preliminary injunction under an abuse of discretion standard. *See East Tennessee Natural Gas Co. v. Sage*, 361 F.3d 808, 828 (4th Cir. 2004); and *Micro Strategy, Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) ("We review the grant or denial of a preliminary injunction for abuse of discretion, recognizing that 'preliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances.'").



inconsistent with the Supreme Court's characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that a plaintiff is entitled to such relief. *Real Truth About Obama, Inc.*, 575 F.3d at 346, citing *Winter*, 555 U.S. at 19–22.

Federal courts are required to accord great consideration to a correctional system's need to maintain order, discipline, and control; *see Wolff v. McDonnell*, 418 U.S. 539, 558–62 (1974); and as Plaintiff has been committed to the custody of the South Carolina Department of Corrections to serve his life sentence for murder and first-degree burglary, officials of the South Carolina Department of Corrections have discretion to place Plaintiff in any one of its institutions.

Finally, as pointed out in the Report and Recommendation (ECF No. 14, at pages 17–18) filed on September 21, 2012, in *John Baccus v. Chris Florian, et al.*, Civil Action No. 9:12-2440-DCN-BM, statutory law and case law barring successive post-conviction applications and successive habeas corpus petitions and statutory filing fees for non-habeas civil actions do not constitute a "boycott" of Plaintiff or his legal papers. *See NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 911 (1982) ("In sum, the boycott clearly involved constitutionally protected activity."); and *Atl. Group Ltd. v. The Interpublic Group of Cos., Inc.*, No. 00 Civ. 7845(KMW), 2007 U.S. Dist. LEXIS 51458, 2007 WL 2049728, at *3 n. 2 (S.D.N.Y. July 16, 2007) ("Defendants' version comports with the primary definition of 'boycott' in English, which is '[t]o abstain from using, buying, or dealing with to express protest or to coerce.' *Webster's II New Riverside University Dictionary* 195 (1994).").

### *Recommendation*

Accordingly, it is recommended that the Court dismiss the above-captioned case *without prejudice* and without service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*;



*Brown v. Briscoe*, 998 F.2d 201, 202–04 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].

Plaintiff's attention is directed to the Notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

October 11, 2012
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

